UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LUIS DEJESUS,

                        Plaintiff,

      against

                                          Dkt No. 25 cv 997

                                          COMPLAINT

CITY OF NEW YORK, POLICE OFFICER Leonel
Jiminian, POLICE OFFICER Christopher Tsatsaronis
and POLICE OFFICER Francesco Ventura and JOHN/
JANE DOE 1-5 (the names being fictitious as their
identities are unknown),

                       Defendants.
------------------------------------------------------------------- x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Luis DeJesus ("Mr. DeJesus" or "Plaintiff") is a male resident of Queens County in the City and State of New York.

7. Defendant The City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named Defendants herein.

8. Police Officer Leonel Jiminian, Shield No. 13692 ("Defendant Jiminian"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Jiminian is sued in his individual and official capacities.

9. Police Officer Christopher Tsatsaronis, Shield No. 29452 ("Defendant Tsatsaronis"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Tsatsaronis is sued in his individual and official capacities.

10. Police Officer Francesco Ventura, Shield No. 4826 ("Defendant Ventura"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ventura is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 5 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 5.

12. At all times relevant herein, defendants John and Jane Doe 1 through 5 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 5 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants (collectively "Defendants") were acting under color of state law.

## STATEMENT OF FACTS

14. On March 17, 2022 at approximately 4:15 p.m., Defendants Jiminian, Christopher Tsatsaronis and Ventura were in the vicinity of the building located at 2927 40th Road, Long Island City, New York.

15. Defendant Tsatsaronis and Defendant Ventura were in a marked radio motor patrol parked on the roadway at or near 2927 40th Road, Long Island City, New York.

16. Mr. DeJesus approached the officers who were seated in the radio motor patrol.

17. Mr. DeJesus engaged the officers in discussion expressing his first amendment rights concerning the activities of the NYPD and their interactions with the public.

18. The officers began to drive away from Mr. DeJesus while he was speaking with them.

19. Mr. DeJesus' foot came into contact with the left rear bumper of the police car as the vehicle pulled away.

20. Defendants Ventura and Tsatsaronis exited the vehicle and approached Mr. DeJesus.

21. Defendant Tsatsaronis approached Mr. DeJesus and stated "come here joker, come here smart ass."

22. As Defendant Tsatsaronis is making these statements he removes his handcuffs from his person.
23. Mr. DeJesus walks backwards away from the approaching officers.
24. Defendant Tsatsaronis moved quickly towards Mr. DeJesus yelling "why you running, now you're a big tough guy, right, now you're a big tough guy."
25. Defendants Ventura and Tsatsaronis aggressively cornered Mr. DeJesus up against a wall.
26. Defendant Ventura and Tsatsaronis grabbed Mr. DeJesus and slammed him against the wall.
27. Mr. DeJesus asked a bystander to take his phone and record what was happening to him, but one of the Defendant Jane or John Does 1-5 stomped on the phone, destroying it.
28. Defendants Ventura and Tsatsaronis slammed Mr. DeJesus to the ground.
29. Mr. DeJesus said "I didn't do nothing."
30. Defendant Ventura stated "you kicked a cop car."
31. Defendant Tsatsaronis stated "he punched a police car now he's under arrest."
32. Defendant Tsatsaronis forcefully shoved a knee on Mr. DeJesus's back while Mr. DeJesus was pinned to the ground, stomach down.
33. Defendants Jiminian, Tsatsaronis and Ventura aggressively twisted Mr. DeJesus's arms behind his back.
34. Defendant Tsatsaronis declared Mr. DeJesus an emotionally disturbed person despite knowing Mr. DeJesus did not meet the legal standard.
35. Defendant. Tsatsaronis requested over the radio that two ambulances be dispatched to the location.
36. One ambulance was for Mr. DeJesus.
37. The other ambulance was called for Christopher Kaminski who was arrested while filming the unlawful arrest and detention of Mr. DeJesus.
38. Mr. DeJesus' behavior did not pose a substantial risk of physical harm to other persons as manifested by homicidal or other violent behavior by which others were placed in reasonable fear of serious physical harm.
39. Mr. DeJesus was then involuntarily transferred via ambulance to Bellevue Hospital where his detention continued for several hours longer.
40. Mr. DeJesus did not consent to the seizure of his person.
41. Mr. DeJesus was conscious and was aware of the seizure of his person.
42. Mr. DeJesus suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

**FIRST CLAIM**

## Excessive Force
### (Defendants Leonel Jiminian, Christopher Tsatsaronis and Francesco Ventura)

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The Individual Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

45. The Individual Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that the Individual Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

46. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
## False Arrest
### (All Defendants)

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The Individual Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

49. The Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that the Individual Defendants lacked probable cause when they arrested Plaintiff and in extending the detention beyond the time at which any reasonable suspicion of criminal activity had dissipated.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## Failure to Intervene
### (Defendant Does 1-5)

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Those Individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53. Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Punitive damages against the Individual Defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: February 21, 2025

New York, New York

WILLIAM GREY LAW OFFICE, pllc

_____/s/_____
William Grey, Esq.
430 Park Avenue, 19th Floor
New York, NY 10022
(929) 558-5565
William@WilliamGreyLawOffice.com

*Attorney for Plaintiff*